UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EARL DEAN MCKINNEY,<br><br>Defendant. | Case No. CR15-113-RSL<br><br>ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant Earl Dean McKinney's "Motion for Early Termination of Supervised Release" (Dkt. # 7). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

On July 24, 2008, defendant pleaded guilty to receipt or distribution of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). Dkt. # 3 at 20-31. On October 14, 2008, the United States District Court for the Eastern District of California sentenced defendant to 97 months of imprisonment and fifteen years of supervised release. Id. at 32-38. This Court accepted jurisdiction over defendant on April 21, 2015. Dkt. # 1. Defendant's term of supervised release commenced on July 31, 2015. Id.

Defendant moves the Court to terminate his term of supervised release. See generally Dkt. # 7. The government did not file an opposition to this request. Probation does not support early termination due of the nature of the underlying offense as a matter of policy.

The Court may "after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . terminate a term of supervised release and discharge the defendant released at any time after the

ORDER GRANTING EARLY
TERMINATION OF SUPERVISED RELEASE - 1

expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court enjoys "discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)).

The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and concludes that termination of defendant's term of supervised release is appropriate. Defendant has served more than seven years of his term of supervised release without any violations and is now on a low level of supervision. He successfully completed a sex offender treatment and therapy program more than five years ago. Further, he has obtained steady employment and a stable home, and volunteers in his community. Termination of defendant's term of supervised release is therefore warranted by defendant's conduct and the interest of justice. See 18 U.S.C. § 3583(e)(1).

For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion for early termination of supervised release (Dkt. # 7) is GRANTED. This Order ends defendant's obligation to report to U.S. Probation and Pretrial Services and to comply with court-ordered conditions of supervised release but does not restore defendant's civil rights or release him from the obligation to register as a sex offender as required by federal, state, and/or local law.

DATED this 3rd day of October, 2022.

Robert S. Lasnik
United States District Judge